UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. PHILLIPS, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-2371 TLN CKD P<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges that on December 26, 2012, he was housed in Administrative Segregation at California State Prison-Sacramento with a cellmate named Santana. While trying to extract Santana from the cell, defendant Officers Phillips, Fernandez, and Yang discharged three to four canisters of pepper spray into the cell, coating both plaintiff and Santana. "Plaintiff requested several times to the officers to let him out of the cell because he couldn't breathe, and [was] choking, eyes and skin burning from the pepper spray." (ECF No. 1 at 8-9.) Plaintiff was removed from the cell and placed in a holding cage but, while Santana was allowed to decontaminate himself, plaintiff's requests for a shower were ignored and he "sat in the cage burning in handcuffs for about two hours." (Id. at 9.) Plaintiff alleges that the officers had no cause to spray him with pepper spray. (Id.; see id. at 21-22.)

For purposes of screening, the complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 against defendants Phillips, Yang, and Fernandez. See Furnace v. Sullivan, 705 F.3d 1021, 1028-1031 (9th Cir. 2013) ("[I]t is generally recognized that that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas, or other chemical agents in quantities greater than necessary for the sole purpose of infliction of pain.") If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

action. The court will recommend that the remaining defendants and causes of action be dismissed with prejudice, as plaintiff fails to state a § 1983 claim on any other basis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will be assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. Service is appropriate for the following defendants: Phillips, Yang, and Fernandez.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed November 15, 2013.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

 a. The completed Notice of Submission of Documents;

 b. One completed summons;

 c. One completed USM-285 form for each defendant listed in number 3 above; and

 d. Four copies of the endorsed complaint filed November 15, 2013.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice as to all defendants and causes of action except the claim that Phillips, Yang, and Fernandez used excessive force in violation of the Eighth Amendment against plaintiff on December 26, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard2371.1new

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

        Plaintiff,

   v.

G. PHILLIPS, et al.,

        Defendants.

No.  2:13-cv-2371 TLN CKD P

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____

                Complaint

DATED:

                        _____

                        Plaintiff