UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. PHILLIPS, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-2371 TLN CKD P<br><br>ORDER & AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On January 27, 2014, the undersigned issued an order stating that service was appropriate for three defendants named in the complaint.  The order was accompanied by findings and a recommendation that the complaint be dismissed as to all other defendants. (ECF No. 9.) Plaintiff filed objections to the findings and recommendations. (ECF No. 11.) Having reviewed the complaint, the undersigned concludes that service is also appropriate for defendant Mazyek. Accordingly the court issues these amended findings and recommendations.

　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9  Plaintiff alleges that on December 26, 2012, he was housed in Administrative Segregation

10  at California State Prison-Sacramento with a cellmate named Santana.  While trying to extract

11  Santana from the cell, defendant Officers Phillips, Fernandez, and Yang discharged three to four

12  canisters of pepper spray into the cell, coating both plaintiff and Santana.  "Plaintiff requested

13  several times to the officers to let him out of the cell because he couldn't breathe, and [was]

14  choking, eyes and skin burning from the pepper spray."  (ECF No. 1 at 8-9.)  Plaintiff was

15  removed from the cell and placed in a holding cage but, while Santana was allowed to

16  decontaminate himself, plaintiff's requests for a shower were ignored and he "sat in the cage

17  burning in handcuffs for about two hours."  (Id. at 9.)  Plaintiff alleges that the officers had no

18  cause to spray him with pepper spray.  (Id.; see id. at 21-22.)

19  For purposes of screening, the complaint states a cognizable claim for relief pursuant to 42

20  U.S.C. § 1983 against defendants Phillips, Yang, and Fernandez.  See Furnace v. Sullivan, 705

21  F.3d 1021, 1028-1031 (9th Cir. 2013) ("[I]t is generally recognized that that it is a violation of the

22  Eighth Amendment for prison officials to use mace, tear gas, or other chemical agents in

23  quantities greater than necessary for the sole purpose of infliction of pain.")

24  The complaint also states a claim for relief against defendant Mazyek, who allegedly

25  forced plaintiff to wear a straitjacket-type jumpsuit for sixty days after plaintiff was accused of

26  sexual misconduct.  (ECF No. 1 at 10-11.)  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

27  2000) ("Although the routine discomfort inherent in the prison setting is inadequate to satisfy the

28  objective prong of an Eighth Amendment inquiry, 'those deprivations denying 'the minimal

civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.'"), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991).

If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court will recommend that the remaining defendants and causes of action be dismissed, as plaintiff fails to state a § 1983 claim on any other basis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 27, 2014 findings and recommendations are vacated;

2. Service is appropriate for the following defendants: Phillips, Yang, and Fernandez, and Mazyek;[1]

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint filed November 15, 2013.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Mazyek; and

    d. Two copies of the endorsed complaint filed November 15, 2013.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that the complaint be dismissed as to defendants Turner and Weyer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[1] Plaintiff has already submitted service documents for defendants Phillips, Yang, and Fernandez. Thus the court will direct the Clerk of Court to send plaintiff service forms for defendant Mazyek only.

1  after being served with these findings and recommendations, plaintiff may file written objections
2  with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
4  failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  Dated:  February 18, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13  2 / hard2371.amend_fr

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

        Plaintiff,

   v.

G. PHILLIPS, et al.,

        Defendants.

No.  2:13-cv-2371 TLN CKD P

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_       completed summons form

    \_\_\_\_       completed USM-285 forms

    \_\_\_\_       copies of the _____

                          Complaint

DATED:

                                        _____

                                        Plaintiff