UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>       Plaintiff,<br><br>    v.<br><br>G. PHILLIPS, et al.,<br><br>       Defendants. | No.  2:13-cv-2371 TLN CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

       This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against four defendants. (See ECF No. 12.)  Before the court is defendants' motion to dismiss one defendant as misjoined under Rule 20 of the Federal Rules of Civil Procedure.  (ECF No. 34.)  Plaintiff has opposed the motion (ECF No. 35), and defendants have filed a reply (ECF No. 36).

       Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way — that is, if there was not "similarity in the factual background."  Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different.  Id.

The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

Plaintiff alleges that defendants Officers Phillips, Fernandez, and Yang violated his Eighth Amendment right to be free of cruel and unusual punishment when they sprayed him with pepper spray during a cell extraction on December 26, 2012.  (ECF No. 1 at 8-9.)  Plaintiff also alleges that, after he was wrongfully accused of sexual misconduct on March 14, 2013, defendant Mazyck[1] violated the Eighth Amendment by keeping him in a padlocked, straitjacket-type jumpsuit for sixty days, including in hot weather.  (Id. at 10-11.)

Defendants argue that Mazyck is misjoined because the claim against her is unrelated to the pepper spray claims under the Rule 20(a) standard.  Plaintiff counters that Mazyck's actions were part of a "series of transactions" in which he was subjected to cruel and unusual punishment over a period of several months.  The undersigned concludes that, under Rule 20, Mazyck should be dismissed from this action without prejudice to plaintiff's filing a separate action against her.

Defendants have also moved for a protective order staying discovery as to defendant Mazyck until the instant motion is resolved.  (ECF No. 37.)  This motion is unopposed.

Courts have applied a two-part test in deciding whether to grant a stay of discovery pending resolution of a motion.  California Sportfishing Protection Alliance v. Chico Scrap Metal, No. S-10-1207 GEB GGH, 2011 WL 130228, *4 (E.D. Cal. Jan. 14, 2011).  First, the pending motion must be dispositive of the entire case, or at least dispositive on the issue at which discovery is intended.  (Id.)  Second, the court must determine whether the pending motion can be decided absent additional discovery.  (Id.)  If the court answers these two questions in the affirmative, a protective order staying discovery may issue.  (Id.)

Here, defendants' misjoinder motion is dispositive as to Mazyck.  Second, neither the complaint nor plaintiff's opposition suggest any line of discovery that could potentially link the alleged actions of Mazyck and the other defendants so as to satisfy Rule 20(a).  Based on the allegations and record to date, these appear to be two unrelated events, with different players, that

---

[1] The court adopts defendants' spelling of this name, which is apparently misspelled on the docket.

occurred several months apart.  Thus, the court will stay discovery as to Mazyck until the district court rules on the instant motion.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion for protective order (ECF No. 37) is granted.

2.  Discovery in this action is stayed as to defendant Mazyck pending the district court's ruling on defendants' motion at ECF No. 34.

IT IS HEREBY RECOMMENDED THAT:

1.  Defendants' motion to dismiss misjoined defendant (ECF No. 34) be granted; and

2.  Defendant Mazyck be dismissed from this action without prejudice to plaintiff's filing a separate action asserting his claim against her.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 12, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard2371.f&r