UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. 2:13-cv-2371 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| G. PHILLIPS, et al., | |
| Defendants. | |

      This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against defendants Philips, Yang, and Fernandez. Plaintiff claims that defendants used excessive force by spraying him with pepper spray during his cellmate's cell extraction in December 2012, violating the Eighth Amendment ban on cruel and unusual punishment. (ECF No. 1; see ECF No. 9.)

      Before the court is plaintiff's February 10, 2015 motion to compel discovery. Specifically, plaintiff seeks to compel production of documents in response to his Requests for Production of Documents ("RFPs") Nos. 10, 12, 13, 14, and 16. (ECF No. 47.) Defendants have filed an opposition. (ECF No. 49.)

I. Legal Standard

      Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably

1

1 calculated to lead to the discovery of admissible evidence." Id.

2 With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

II. Analysis

First, having reviewed the docket, the court rejects plaintiff's argument that defendants' responses were untimely to any significant degree. (See ECF No. 49 at 4 (due to calendaring error, Fernandez's and Phillips' responses to RFPs were served Monday instead of the previous Friday); ECF No. 51 (granting 3-day extension of time nunc pro tunc).)

RFP No. 10

In RFP No. 10, plaintiff sought "[a]ny and all documents received, read, or reviewed by Defendant[s] describing the effects caused by MK-9 O.C. pepper spray." (ECF No. 47 at 14.)[1]

Defendants objected to this request on various grounds, including that it sought confidential documents "the disclosure of which may create safety and security concerns, i.e., correctional officer training documents." (Id.) Defendants also stated that they did not possess any responsive documents. (Id.)

Plaintiff argues that this information is "highly relevant" to show defendants' knowledge of the effects of pepper spray before their alleged use of excessive force. (ECF No. 47 at 5.) In

---

[1] Although plaintiff served RFPs on each defendant, the requests and responses were substantially the same. Thus the court considers the requests as directed to defendants generally. (See ECF No. 49 at 4, n.2.)

2

opposition, defendants maintain that they do not possess responsive documents. However, they supplement their response with the following statement: "[D]uring the course of Defendants' training and employment at CDCR, Defendants learned that exposure to MK-9 O.C. pepper spray generally causes burning sensation to the affected area and coughing." (ECF No. 49 at 5.)

This court cannot order a defendant to produce documents that do not exist or are not in the defendant's possession or control. See Fed. R. Civ. P. 34(a); United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking the production of documents . . . bears the burden of proving that the opposing party has such control."). Based on the record before the court, however, it appears that documents responsive to RFP No. 10 may exist as part of the CDCR training materials on O.C. spray requested in RFP No. 16, discussed below.

Based on defendants' representation, the court will deny plaintiff's motion as to RFP 10. However, the documents requested in RFP No. 10 are relevant to this action and may be encompassed within CDCR training materials subject to any subsequent protective order.

RFP No. 12

In RFP No. 12, plaintiff requested "Any and all documents received, read, or reviewed by Defendant[s] explaining how to remove the MK-9 O.C. pepper spray from person['s] body (including from clothing, off walls, but not limited to)." (ECF No. 47 at 15.)

Defendants objected on various grounds, including that these materials were part of CDCR's use-of-force training materials, which are typically confidential due to safety and security concerns. (See D. Hobart Decl., ECF No. 49-1.) They further stated that they did not have any non-confidential responsive documents in their possession or control. (ECF No. 47 at 15, 19.) Defendants included with their response a privilege log, which identified three slides from a PowerPoint presentation of training materials on Oleoresin Capsicum ("O.C.") spray. (Id. at 19.) The log indicated that these documents were confidential and would not be produced. (Id.)

However, in response to plaintiff's motion to compel, defendants have withdrawn their confidentiality exception to RFP No. 12. (ECF No. 49 at 6.) They now produce PowerPoint

3

1  Slide No. 52, previously marked privileged, that concerns decontamination from O.C. spray.  (D.
2  Hobart Decl., Ex. B, ECF No. 49-1 at 8.)
3        The court will not order defendants to produce additional documents in response to this
4  request.  However, insofar as documents responsive to RFP No. 12 are included in the CDCR
5  training materials subject to in camera review for RFP No. 16, they are relevant and may be
6  encompassed by any subsequent protective order.
7  RFP No. 13
8        In RFP No. 13, plaintiff requested "A photograph or photograph copy showing the actual
9  size of the container containing the MK-9 O.C. pepper spray used by Defendant[s] on December
10 26, 2012."  (ECF No. 47 at 15.)
11       As with RFP No. 12, defendants have withdrawn their previous objection of privilege and
12 produced PowerPoint Slide No. 46, which shows a photograph of a M.K. 4 and a M.K. 9 can.  (D.
13 Hobart Decl., Ex. B, ECF No. 49-1 at 7.)  Plaintiff's motion is therefore moot as to RFP No. 13.
14 RFP No. 14
15       In RFP No. 14, plaintiff requested "[a] photograph . . . showing the inside of Cell 105 in
16 Building Five A-Facility from the cell door to the rear of the cell."  (ECF No. 47 at 15.)
17       Defendants objected, citing security reasons prohibiting inmates from possessing pictures
18 of the prison, among other grounds.  (Id. at 16.)
19       In his motion, plaintiff argues that the layout of the cell during the incident is relevant to
20 his claim, and that a photo is needed to disprove Philips' assertion that plaintiff was lying on a top
21 bunk, as the cell did not have a top bunk.  (Id. at 8.)  Defendants counter that, while "it has
22 recently been determined that [security] reasons are not implicated by a photograph showing only
23 the inside of a cell[,]" the request requires the creation of a document – i.e., defendants would
24 have to take a photo of the cell.  (ECF No. 49 at 8.)  They also assert that any photo taken today
25 would not necessarily show how the cell looked in December 2012, and would be irrelevant.  (Id.)
26       As no photograph of the cell as it looked in December 2012 exists, the court will not
27 compel defendants to take a current photograph of the cell and produce it to plaintiff.  See
28 Bridgewater V. Cate, No. 2:10-cv-2971 TLN DAD P, 2015 WL 1607976, *2 (E.D. Cal. April 9,

4

2015) ("Where, as here, a requested document does not already exist, the responding party's obligation ends.") (citing cases).

RFP No. 16

In RFP No. 16, plaintiff requested "[a]ny and all documents received, read, or reviewed by Defendant[s] explaining how the MK-9 pepper spray is to be used." (ECF No. 47 at 16.)

Defendants objected that the request was vague, ambiguous, overly broad, and burdensome. (Id.) They further objected that it was irrelevant and sought confidential training documents that implicate safety concerns. (Id.) Lastly, they responded that they did not have any responsive documents in their possession or control. (Id.)

In his motion, plaintiff asserts that the documents are relevant to show whether defendants' use of pepper spray was "abusive or properly applied." (ECF No. 47 at 9.) Defendants counter that, even if the information were relevant, plaintiff's request is overbroad, as it could refer to any materials defendants reviewed about the use of pepper spray "in their lifetime." (ECF No. 49 at 9.) Defendants further assert that they have no responsive documents. (Id.)

Here, the court finds that RFP No. 16 seeks materials relevant to plaintiff's claim. Moreover, it has been established that documents responsive to this request exist, as defendants must have been instructed on the use of pepper spray by CDCR and reviewed use-of-force training materials, as alluded to in defendants' objections. See, e.g., Holt v. Nicholas, No. 1:09-cv-00800 AWI SAB (PC), 2014 WL 250340, at *6 (E.D. Cal. Jan. 22, 2014) (granting plaintiff's motion to compel as to CDCR's training materials on the use of O.C. spray). Thus the question is whether CDCR's training materials on the use of pepper spray are privileged.

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Id. at 1033–34. "[W]here otherwise discoverable information would pose a threat to the safety and security of a prison . . . , a need may arise for the Court to balance interests in determining whether disclosure

5

should occur." Scott v. Palmer, No. 1:09-cv-01329 LJO SKO, 2014 WL 6685810, *1 (E.D. Cal. Nov. 26, 2014) (collecting cases). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Id.

In a declaration attached to defendants' opposition to the motion to compel, Correctional Lieutenant D. Hobart, the In-Service Training Manager at California State Prison-Sacramento, declares that "CDCR has a substantial interest in withholding use-of-force training materials from disclosures to inmates" because

> [i]f inmates had access to this type of information, they would have the tools to sabotage prison staffs' attempts to deal with disruptive inmate conduct. Inmates could use the information to anticipate and counteract prison security procedures. . . . Use-of-force training materials would provide inmates with knowledge by which they could more effectively orchestrate violence, create mass disturbances . . . and generally undermine our ability to keep peace, security, and order in California's prisons.
>
> Even disclosure subject to a carefully crafted protective order would create a substantial risk of harm. . . . The information would . . be difficult to control, because once it is released to one inmate, it could also be circulated and reproduced.

(D. Hobart Decl., ECF No. 49-1 at 2.) Hobart further declared that, from the training materials identified in defendants' privilege log, the individual slides responsive to RFP Nos. 12 and 13, discussed above, could be safely produced to plaintiff in discovery. (Id. at 3.)

Based on the above, defendants have made a "substantial threshold showing" that the training materials are privileged. "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1996); see Robinson v. Adams, 2012 WL 912746, **3-4 (E.D. Cal. March 16, 2012) (granting protective order as to CDCR use-of-force training materials after in camera review, which allowed inmate plaintiff to review the document for one hour "in the Litigation

Coordinator's presence and take notes" but not to disclose its contents to any other inmates.)

Thus, as to RFP No. 16, the court will order defendants to submit CDCR training materials on the use of O.C. spray, in the most recent version that existed as of December 2012, for <u>in camera</u> review.[2]  Local Rule 141 allows the court to seal documents upon a written order.  L.R. 141(a).  Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the documents.  Here, defendants plausibly represent that institutional security would be at risk if the content of CDCR's training materials on the use of O.C. spray were publicly known.

Finally, plaintiff has requested information about whether this case will be set for mediation during Settlement Week.  (ECF No. 55.)  The court will not set this case for mediation at this time; however, plaintiff is free to communicate with defendants' counsel about the possibility of settlement.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 47) is denied as to RFP Nos. 10, 12, 13, and 14; and

2. As to RFP No. 16, within thirty days from the date of this order, defendants shall submit for <u>in camera</u> review, CDCR training materials on the use of O.C. spray, in the most recent version that existed as of December 2012, along with a motion to file these documents under seal pursuant to L.R. 141.

Dated:  May 4, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard2371.mtc

---

[2] If additional documents are produced to plaintiff under a protective order, the parties will have the opportunity to submit supplemental briefing on summary judgment.  (<u>See</u> ECF No. 33.)