UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY, | No. 2:13-cv-2371 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| G. PHILLIPS, et al., | |
| Defendants. | |

I. Introduction

In its May 4, 2015 ruling on plaintiff's motion to compel, the court ordered defendants to submit CDCR training materials on the use of O.C. spray for in camera review, as such materials were responsive to plaintiff's RFP No. 16.[1] (ECF No. 59.) For security reasons, the court ordered the training materials to be filed under seal. (ECF No. 63.) Having reviewed these documents in camera and confirming that some of them are both responsive to RFP No. 16 and relevant to plaintiff's claims, the court now considers whether they should be disclosed to plaintiff under a protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

---

[1] "Request for Production No. 16: Any and all documents received, read, or reviewed by Defendant[s] explaining how the MK-9 O.C. pepper spray is to be used." (ECF No. 49 at 9.)

1

1 The court has broad discretion to decide when it is appropriate to issue a protective order and the
2 degree of protection required. Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d
3 1206, 1211 (9th Cir. 2002).

4      Here, defendants have filed under seal 54 pages of training material for CSP-Sac and
5 Folsom prison staff regarding the use of 400 mm impact ammunition and chemical agents. Of
6 these, the court has determined that 12 pages are responsive to RFP No. 16: ECF No. 65 at 25, 34,
7 35, 36, 41, 44, 45, 47, 48, 49, 50, and 51. In light of the security issues raised by disclosing
8 CDCR training materials on the use of force (see ECF No. 59 at 6), the court will order these
9 pages disclosed to plaintiff under a protective order, subject to the terms set forth below. See
10 Robinson v. Adams, 2012 WL 912746, **3-4 (E.D. Cal. March 16, 2012) (issuing protective
11 order as to CDCR use-of-force training materials after in camera review).

12 II. Protective Order

13      1. Good cause appearing, the sealed documents identified above (ECF No. 65 at 25, 34,
14 35, 36, 41, 44, 45, 47, 48, 49, 50, and 51) may be submitted to the possession of the following
15 persons:

16      (a) The Litigation Coordinator at the institution where plaintiff is now housed;
17      (b) Counsel for plaintiff, should plaintiff acquire counsel;
18      (c) Paralegal, stenographic, and clerical staff regularly employed by counsel for plaintiff;
19      (d) Court personnel and stenographic reporters engaged in such proceedings incidental to
20 the preparation for trial and trial in this action;
21      (e) Any outside expert or consultant retained by plaintiff for purposes of this action; and
22      (f) Witnesses to whom the materials may be disclosed during the preparation for trial and
23 trial, provided that no witness may have copies of the materials, and each witness shall be
24 informed and agree to be bound by the terms of this order.

25      2. Plaintiff will be allowed to review these materials, but he may not retain them in his
26 possession. Plaintiff shall be allowed one hour to review these materials in the Litigation
27 Coordinator's presence and take notes. He may not make copies of the material. In addition,
28 plaintiff may not disclose to or discuss this material with any other inmate, nor may any other

inmate review or have possession of, any material produced pursuant to this order or plaintiff's notes regarding the material.

3. All confidential material in possession of the Litigation Coordinator shall be destroyed after trial of this matter, or sooner if the Litigation Coordinator concludes the material is no longer needed for plaintiff's review.

4. No confidential material obtained by plaintiff or his counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

5. Any violation of this protective order may be punishable as contempt of court.

6. The provisions of this order shall remain in full force and effect until further order of this court.

7. No later than thirty days from the date of this order, defendants shall file a status report on plaintiff's review of the documents in the Litigation Coordinator's presence so that the court may set a supplemental briefing schedule for summary judgment.  (See ECF No. 59 at 7, n.1.)

IT IS SO ORDERED.

Dated:  June 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hard2371.po